## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made by and between Zoomnia Corporation ("Zoomnia"), and Mark Rice d/b/a Games To Remember ("Rice") hereinafter sometimes collectively referred to as the "Parties" and individually as "Party") as of this 3rd day of April, 2013 (the "Effective Date").

### Recitals

A.  WHEREAS, on or about September 27, 2011, Rice commenced a civil action against Zoomnia Corporation in the United States District Court (Northern District of Georgia) Civil Action File No.. 1 11-CV-3280-JEC alleging claims of Trademark Infringement, Dilution, Cybersquatting, Unfair Competition, Unjust Enrichment, and Contributory Infringement (the "Lawsuit").

B.  WHEREAS, Zoomnia Corporation filed Answers and Affirmative Defenses in the Lawsuit disputing the assertions of Rice ("Answer");

C.  WHEREAS, the Parties each dispute and deny certain claims and allegations made by and against each other within, including but not limited to, the Lawsuit; and

D.  WHEREAS, the Parties desire to enter into this Agreement to fully and finally resolve all of their disputes upon the terms and conditions set forth below.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration for the promises, agreements and releases as set forth below, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the Parties do hereby covenant and agree as follows:

### Agreement

1.0  Transfer of Domain Name. As consideration for the mutual covenants and

releases contained herein, Zoomnia shall promptly transfer ownership of the domain name www.zoomania.com to Rice through GoDaddy.com. Moreover, Zoomnia makes no representations or warranties as to the domain www.zoomania.com. Rice shall take ownership of the domain "as is" and neither Zoomnia Corporation nor its officers, directors, subsidiaries, and/or parent corporations and affiliates, employees, members, principals, agents, predecessors, successors and assigns, attorneys and legal representatives shall be held liable and/or responsible for any claims and/or encumbrances asserted by an independent third-party. In the event ownership of the domain is encumbered in any way, Rice shall seek legal action against those parties that have asserted any such claims.

2.0 <u>Dismissal of Lawsuit</u>. Within five (5) days of the execution of this Agreement by the Parties and receipt of the domain name from Zoomnia to Rice, Rice will execute and file a Dismissal with Prejudice as to the Lawsuit.

3.0. <u>Release of Zoomnia by Rice</u>. For and in consideration of the settlement terms, the mutual promises and covenants contained herein, and other good and valuable considerations, Rice, on behalf of himself, his agents, heirs, successors and assigns, attorneys and legal representatives; officers, directors, subsidiaries, parent corporations and affiliates, employees, members, principals and predecessors, as the case may be, hereby release Zoomnia, on behalf of itself, its officers, directors, subsidiaries, and/or parent corporations and affiliates, employees, members, principals, agents, predecessors, successors and assigns, attorneys and legal representatives, of and from any and all claims, demands, obligations, damages, and expenses, causes of action or suits of any kind or nature whatsoever, on account of any loss, damages or injuries, known or unknown, liquidated or unliquidated, fixed or contingent, in law, equity or otherwise, direct or indirect, existing, now arising or arising in the future, including, but not

limited to that which arises out of, or relate to any and all sources, things and/or matters whatsoever, including, but not limited to, the domain name, trade/service marks, the Lawsuit, the Answers, and all other disputes arising therefrom, in full compromise, settlement and/or satisfaction and final release and discharge of any action, claims and demands, and all other disputes arising therefrom, in full compromise, settlement and/or satisfaction and final release and discharge of any action, claims and demands.

4.0. <u>Release of Rice by Zoomnia</u>. For and in consideration of the settlement terms, the mutual promises and covenants contained herein, and other good and valuable considerations, Zoomnia, on behalf of itself, its officers, directors, subsidiaries, and/or parent corporations and affiliates, employees, members, principals, agents, predecessors, successors and assigns, attorneys and legal representatives, hereby releases Rice, on behalf of himself, his agents, heirs, successors and assigns, attorneys and legal representatives, officers, directors, subsidiaries, parent corporations and affiliates, employees, members, principals and predecessors, as the case may be, of and from any and all claims, demands, obligations, damages, and expenses, causes of action or suits of any kind or nature whatsoever, on account of any loss, damages or injuries, known or unknown, liquidated or unliquidated, fixed or contingent, in law, equity or otherwise, direct or indirect, existing, now arising or arising in the future, including, but not limited to that which arises out of, or relate to any and all sources, things and/or matters whatsoever, including, but not limited to, the domain name, trade/service marks, the Lawsuit, the Answers, and all other disputes arising therefrom, in full compromise, settlement and/or satisfaction and final release and discharge of any action, claims and demands, and all other disputes arising therefrom, in full compromise, settlement and/or satisfaction and final release and discharge of any action, claims and demands.

5.0. Unrecorded Agreements. No Party has entered into any other agreements or instrument of any nature whatsoever which in any manner affects any Party's ability to perform as herein provided.

6.0 Review of Agreement. The Parties to this Agreement agree that they had the opportunity to thoroughly discuss all aspects of this Agreement with their private attorneys, that they have read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

7.0 No Admissions. It is expressly understood and agreed that there is no admission of any liability whatsoever by any of the Parties to any claim a Party has or may have, against any other Party with regard to any fact, issue, indebtedness or claim arising out of or relating to any and all sources, things and/or matters whatsoever, including, but not limited to the domain name, trade/service marks, the Lawsuit, the Answers, and all other disputes arising therefrom, other than that which may be set forth in this Agreement. Payment of any funds and/or conduct by the Parties in compliance with the Agreement shall not act as an acknowledgment of any liability by any Party to any other Party as to the claims and assertions by each Party above or otherwise. It is understood by the Parties that this Agreement is the compromise of disputed claims, and that the actions taken pursuant to this Agreement are not to be construed as an admission of liability, malfeasance, misfeasance, or breach of any duty to act, implied or by agreement, on the part of any of the Parties. The Parties enter into this Agreement solely for the purpose of avoiding further cost, expense and inconvenience.

8.0 Applicable Law and Venue. The Parties agree that this Agreement shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia without giving effect to any choice of law rule that would cause the application of the

laws of any jurisdiction other than the substantive laws of the State of Georgia to the rights and duties of the Parties.

9.0   Attorneys' Fees, Costs and Expenses as to the Agreement. Each Party shall be responsible for its own attorneys' fees in connection with the domain name, trade/service marks, the Lawsuit, the Answers, and all other disputes arising therefrom and with the preparation and execution of this Agreement. However, in the event that any dispute, claim, proceeding, or action arises out of or in connection with this Agreement or the terms hereof, the prevailing party to any such dispute, claim, proceeding, or action shall be entitled to recover reasonable attorneys' fees and costs incurred from the non-prevailing party.

10.0   Binding Effect. The terms and conditions, covenants, agreements, powers, privileges and notices of authorization contained herein shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, agents, and attorneys.

11.0   Severability. Wherever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of the Agreement shall be prohibited by or invalid under any such law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision, or the remaining provisions of this Agreement.

12.0   No Strict Construction. Each of the Parties cooperated in the drafting of this Agreement, and in the event that it is determined that any provision herein is ambiguous, that provision shall not be presumptively construed against any Party. In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties hereto and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any provisions of this Agreement.

13.0 <u>Confidentiality</u>. The Undersigned agree that the terms of the offer of compromise are confidential, and shall remain so. By signing this agreement, and accepting the transfer in ownership of the domain www.zoomania.com offer of compromise tendered by the parties released hereby, the Undersigned agree not to reveal the terms of this agreement to any person, entity, association, or otherwise communicate the terms of this agreement, including the amount of the offer of compromise, and any other term of this agreement. Subject to this provision, the Undersigned may reveal this confidential information to their tax, legal advisors, board of directors, investors, creditors to the extent necessary, as may be required by law and/or corporate responsibility, and may reveal this confidential information in response to a court order requiring production of the information, or to comply with their disclosure obligations in the marketing or sale of the Property. If Rice receives a subpoena or other request for this information from a third-party, it agrees to notify Zoomnia of such request prior to responding to afford Zoomnia an opportunity to maintain the confidentiality desired by this paragraph.

14.0 <u>Modification</u>. The Agreement shall not be modified unless in writing and signed by all Parties hereto in the same manner as this Agreement is executed.

15.0 <u>Headings</u>. The headings contained in this Agreement are for reference purposes only, and shall not affect the meaning or interpretation of this Agreement.

16.0 <u>Non-Waiver</u>. The waiver by a Party of a breach of any provision of this Agreement by any other Party shall not operate or be construed as a waiver of any subsequent breach by such other Party.

17.0 <u>Ownership of Causes of Action</u>. The Parties each warrant and represent to the other that prior to the execution of this Release, they have not sold, assigned, granted, conveyed, pledged, hypothecated, or transferred to any other person, firm, corporation, or entity any of the

rights, claims, demands, actions, or causes of action described herein.

18.0   Authority of Signatories. The Parties executing this Release represent and warrant that the individual(s) executing this Release on their behalf are duly authorized to execute this release.

19.0   Execution.  This Agreement may be executed simultaneously in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  This Agreement may be executed by facsimile signature.

ZOOMNIA CORPORATION

By: Jerry R. Caldwell, Esq. (Attorney of Record)
Its: Authorized Representative
Date: 4/3/13

[ADDITIONAL SIGNATURES ON FOLLOWING PAGE]

MARK RICE D/B/A GAMES TO REMEMBER

_____
By: Mark Rice
Date: 4/3/2013